UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUL 18 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:19CR563 AGF/NCC |
| DAVID E. KNOWLES, | ) ) |
| Defendant. | ) ) |

# INDICTMENT

## COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

  1.  Federal law defined the term

  (a)  "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

  (b)  "sexually explicit conduct" to mean actual or simulated--

    (i)  sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii)  bestiality,

    (iii)  masturbation,

    (iv)  sadistic or masochistic abuse, or

    (v)  lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about October 12, 2018, and on or about December 5, 2018, in the Eastern District of Missouri, and elsewhere,

**DAVID E. KNOWLES**

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a Toshiba hard drive, said hard drive having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and said hard drive contained child pornography, including but not limited to, the following:

   a. "Screenshot (119).png" – a graphic image file that depicts a nude prepubescent minor female laying on her back on the floor with her legs bound together and a dog collar around her neck in a lascivious display of her genitals; and

   b. "Screenshot (153).png" – a graphic image file that depicts a nude prepubescent minor female laying on her back on a bed with her arms and legs bound in a lascivious display of her genitals.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT II

The Grand Jury further charges that:

4. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5. Between on or about January 1, 2014, and on or about December 5, 2018, in the Eastern District of Missouri, and elsewhere,

**DAVID E. KNOWLES,**

the defendant herein, did knowingly employ, use, persuade, induce, and entice Victim 1, a minor female, to engage in sexually explicit conduct, including, but not limited to Victim 1 laying on a bed with green sheets, wearing a blue shirt, and spreading her legs in a lascivious display of her genitals, while Knowles photographed the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, and such depictions were produced using materials that traveled in interstate and foreign commerce, to wit, an Hitachi hard drive that was manufactured outside the State of Missouri,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT III

The Grand Jury further charges that:

6. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

7. Between on or about January 1, 2014, and on or about December 5, 2018, in the Eastern District of Missouri, and elsewhere,

**DAVID E. KNOWLES**,

the defendant herein, did knowingly employ, use, persuade, induce, and entice Victim 1, a minor female, to engage in sexually explicit conduct, including, but not limited to Victim 1 laying nude on a bed with red sheets with her vagina and anus exposed, while Knowles photographed the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, and such depictions were produced using materials that traveled in interstate and foreign commerce, to wit, a PNY Optima SC card and a Nikon Coolpix camera, both of which were manufactured outside the State of Missouri,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT IV

The Grand Jury further charges that:

8. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

4

9. Between on or about January 1, 2014, and on or about December 5, 2018, in the Eastern District of Missouri, and elsewhere,

**DAVID E. KNOWLES,**

the defendant herein, did knowingly employ, use, persuade, induce, and entice Victim 1, a minor female, to engage in sexually explicit conduct, including, but not limited to Victim 1 laying on a bed with blue sheets, with pink underwear pulled down, and a man's finger digitally penetrating Victim 1's vagina, while Knowles photographed the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, and such depictions were produced using materials that traveled in interstate and foreign commerce, to wit, a PNY Optima SC card and a Nikon Coolpix camera, both of which were manufactured outside the State of Missouri,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT V

The Grand Jury further charges that:

10. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

11. Between on or about January 1, 2014, and on or about December 5, 2018, in the Eastern District of Missouri, and elsewhere,

**DAVID E. KNOWLES,**

the defendant herein, did knowingly employ, use, persuade, induce, and entice Victim 1, a minor female, to engage in sexually explicit conduct, including, but not limited to a close up a man's

fingers spreading open Victim 1's vagina, while Knowles photographed the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, and such depictions were produced using materials that traveled in interstate and foreign commerce, to wit, a Samsung Galaxy cell phone that was manufactured outside the State of Missouri,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(a) and 2252A(a)(5)(B), as set forth in Counts I through V of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                        A TRUE BILL.

                                                        FOREPERSON

JEFFREY B. JENSEN  
United States Attorney

KYLE T. BATEMAN, #996646DC  
Assistant United States Attorney