UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cr-563 AGF-NCC |
| | ) |
| DAVID E. KNOWLES, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant DAVID E. KNOWLES, represented by defense counsel Rachel Korenblat, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I, II, III, and V of the charge, the government agrees to move for the dismissal as to the defendant of Count IV at the time of sentencing. Moreover, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production, Distribution, Receipt and Possession of Child Pornography between approximately January 2014 and December 2018, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. Furthermore, the parties agree to recommend to the Court that the Court sentence defendant within the range of 15 to 20 years. The defendant may also seek an adjustment below 15 years to account for the time the defendant has served in state custody. It is the Government's position that the Court is not authorized to sentence the defendant below the statutory mandatory minimum of 15 years. The parties also agree to recommend defendant's sentence run concurrent to an anticipated sentence in defendant's pending state case, *Missouri v. Knowles*, Case No. 18AB-CR03186. The parties agree that either party shall request a sentence within this range pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. Further, should the Court not follow this recommendation and sentence the defendant to a higher sentence, the parties agree that will not serve as a basis for the defendant to withdraw the plea of guilty.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit

conduct, and (3) those images are contained on material that has been transported in interstate commerce.

As to Counts II, III, and V, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

4.  **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 6, 2018, Victim 1, who was then 8 years old, stated during an interview with investigators from the Children's Advocacy Center that defendant put his penis into her bottom on more than one occasion, and that defendant used a camera to take pictures of her private parts. Victim 1 further stated that defendant had sexually assaulted her when she was between 2 to 7 years of age. Victim 1 further stated that defendant tried to show her photos and videos depicting naked kids on his computer that was located in his residence.

On the same day, detectives from Washington County Police Department made contact with the defendant at his residence, and properly arrested him. Defendant was transported to the Washington County Police Department for interview. Defendant was advised of his *Miranda* rights and he initially waived those rights. Defendant admitted that Victim 1 would sometimes

stay overnight at his residence and would sleep on his bed with him. When Detectives asked defendant further about Victim 1, Defendant asked to speak to an attorney and the interview ended.

On the same day, detectives applied for and received a valid search warrant of defendant's residence. Defendant lived at the residence alone, and was not present during the search. During the search, law enforcement seized numerous items from defendant's residence, including a Nikon Coolpix camera, video cameras, laptops, cell phones, and envelopes containing pictures of young girls unclothed in a lascivious display of their genitals. The aforementioned seized items were sent to the State Technical Assistant Team (STAT) for forensic analysis. As set forth more fully below, the forensic analysis confirmed that the defendant had child pornography on five laptop computers, two SD cards and one cell phone.

Specifically, defendant's Dell Inspiron laptop computer with internal Toshiba hard drive, both of which were produced outside the State of Missouri and therefore traveled in interstate commerce, contained more than 300 images of child pornography, including:

    a.    "Screenshot (119).png" – a graphic image file that depicts a nude prepubescent minor female laying on her back on the floor with her legs bound together and a dog collar around her neck in a lascivious display of her genitals; and

    b.    "Screenshot (153).png" – a graphic image file that depicts a nude prepubescent minor female laying on her back on a bed with her arms and legs bound in a lascivious display of her genitals.

In total, the defendant possessed more than 2,000 images of child pornography, including those that depict sadistic or masochistic conduct, or other acts of violence, and those that depict prepubescent minor children or children under the age of twelve.

The defendant's HP Pavilion Laptop, PNY Optima SC card (2GB), and Samsung Galaxy Core Prim SM-S820L (Tracfone), all of which were produced outside the State of Missouri, also contained images of Victim 1 engaged in sexually explicit conduct that defendant produced. In total, there were 133 images of Victim 1 that defendant produced. The defendant admits that these images depict Victim 1 engaged in sexually explicit conduct at a time when Victim 1 was a minor under the age of 12 years. The defendant further admits that his conduct involved the commission of a sexual act or sexual conduct.

On one occasion, the defendant produced a graphic image depicting Victim 1 laying on a bed with green sheets, wearing a blue shirt, and spreading her legs in a lascivious display of her genitals, and saved said image on his Hitachi hard drive. On another occasion, the defendant used his Nikon Coolpix camera to produce a graphic image depicting Victim 1 laying nude on a bed with red sheets with her vagina and anus exposed, and saved said image on his PNY Optima SC card. On another occasion, the defendant used his Nikon Coolpix camera to produce a graphic image depicting Victim 1 laying on a bed with blue sheets, with pink underwear pulled down, and the defendant's hand inside Victim 1's underwear against her vagina, and saved said image on his PNY Optima SC card. On another occasion, the defendant used his Samsung Galaxy cell phone to produce a graphic image depicting Victim 1 laying nude on a bed with green sheets while defendant's fingers spread open Victim 1's vagina.

In summary, the defendant admits that between October 12, 2018, and December 5, 2018, the defendant knowingly possessed more than 600 images of child pornography that were depictions involving a minor engaging in sexually explicit conduct, including on his Toshiba hard drive that was produced outside the State of Missouri. In addition, defendant admits that between January 1, 2014, and December 5, 2018, on at least four different occasions, the defendant

produced approximately 133 images of Victim 1, who was a minor under 12 years old, engaged in sexually explicit conduct.

5.   **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than ten years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than **life** and not less than five years.

As to Counts II, III, and V, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

6.   **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a.     **Offense Conduct:**

(1)     **Count I – Possession of Child Pornography**

(a)     **Base Offense Level:** The parties agree that the base offense level is **eighteen (18)**, as found in Section 2G2.2(a)(1).

(b)     **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)     **Two (2)** levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(ii)     **Four (4)** levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;"

(iii)     **Five (5)** levels should be added pursuant to §2G2.2(b)(5), because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

(iv)     **Two (2)** levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material;" and

(v)     **Five (5)** levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

(2) **Count II – Production of Child Pornography**

(a) **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

(b) **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) **Four (4)** levels should be added pursuant to §2G2.1(b)(1)(A) because the "offense involved a minor who had not attained the age of twelve years."

(ii) **Two (2)** levels should be added pursuant to §2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact.

(iii) **Four (4)** levels should be added pursuant to §2G2.1(b)(4) because the offense involved sadistic or masochistic conduct.

(ii) **Two (2)** levels should be added pursuant to 2G2.1(b)(5) because the minor was in the custody, care or supervisory control of the defendant.

(3) **Count III – Production of Child Pornography**

(a) **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

(b) **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

8

  (i) **Four (4)** levels should be added pursuant to §2G2.1(b)(1)(A) because the "offense involved a minor who had not attained the age of twelve years."

  (ii) **Two (2)** levels should be added pursuant to §2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact.

  (iii) **Four (4)** levels should be added pursuant to §2G2.1(b)(4) because the offense involved material that portrays an infant or toddler.

  (ii) **Two (2)** levels should be added pursuant to 2G2.1(b)(5) because the minor was in the custody, care or supervisory control of the defendant.

**(4)** **Count V – Production of Child Pornography**

 **(a)** **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

 **(b)** **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

  (i) **Four (4)** levels should be added pursuant to §2G2.1(b)(1)(A) because the "offense involved a minor who had not attained the age of twelve years."

  (ii) **Two (2)** levels should be added pursuant to §2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact.

9

        (iii)    **Four (4)** levels should be added pursuant to §2G2.1(b)(4) because the offense involved material that portrays an infant or toddler.

        (ii)    **Two (2)** levels should be added pursuant to 2G2.1(b)(5) because the minor was in the custody, care or supervisory control of the defendant.

**b.**     **Chapter 3 Adjustments:** The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

    (1)    Counts II, III, and V (Production of Child Pornography) do not group to any other counts pursuant to Section 3D1.2(d).

    (2)    The offense levels for the counts are as follows:

        (a)    For Count I (Possession of Child Pornography) the offense level is thirty-six (36).

        (b)    For Count II (Production of Child Pornography) the offense level is forty-four (44).

        (c)    For Count III (Production of Child Pornography) the offense level forty-four (44).

        (d)    For Count V (Production of Child Pornography) the offense level is forty-four (44).

    (6)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), Count II (Production of Child Pornography) counts as one (1) unit because it has the highest offense level.

(7) Pursuant to Section 3D1.4(a) (Determining the Combined Offense Level), Counts III, and V (Production of Child Pornography) each count as one unit, for a total of two (2) units, because each is "equally serious" or from 1 to 4 levels less serious as the Group with the highest offense level. Pursuant to Section 3D1.4(b) (Determining the Combined Offense Level), Count I (Possession of Child Pornography) counts as one-half Unit because it is 5 to 8 levels less serious than the Group with the highest offense level.

(8) Pursuant to Section 3D1.4 (Determining the Combined Offense Level), **four (4)** levels should be added because the total number of units is three and a half. This places the offense level, after application of Section 3D1.4, at **forty-eight (48)**.

c. **Chapter 4 Adjustments:** The parties agree that **five (5)** levels should be added pursuant to Section 4B1.5(b) because the defendant's offense is a covered sex crime, neither Sections 4B1.1 nor 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. As such, the total offense level, after application of Section 4B1.5(b) is **fifty-three (53)**.

d. **Acceptance of Responsibility:** The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

  **e.** **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is **forty-three (43)** after applying Section 5, Part A (Application Note 2).

  **f.** **Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **g.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a.** **Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

  **(1)** **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

  **(2)** **Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to 20 years or below, then, as part of this agreement, the

defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant to 15 years or above.

    **b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

    **a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b.** **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**      **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

      These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      **d.**      **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex

offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.     VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

11/23/2020
Date

KYLE T. BATEMAN
Assistant United States Attorney

1/26/21
Date

DAVID E. KNOWLES
Defendant

1/28/21
Date

/s/ Rachel Korenblat

RACHEL KORENBLAT
Attorney for Defendant

19